UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Demetrick Lee Tellis, | Case No. 2:25-cv-00823-APG-DJA |
| Plaintiff, | |
| v. | Order |
| Las Vegas Metropolitan Police Department, et al., | |
| Defendants. | |

Pro se inmate Plaintiff Demetrick Lee Tellis filed an application to proceed *in forma pauperis* (which means to proceed without paying the filing fee). (ECF No. 8). Although Plaintiff's application attaches a completed financial certificate and inmate account statement, Plaintiff's application is missing certain information. The Court thus denies Plaintiff's application without prejudice. The Court will require Plaintiff to file a renewed application or pay the filing fee. If Plaintiff chooses to file a renewed application, he need not re-file a financial certificate or inmate account statement because the Court already has those documents.

**I.      Discussion.**

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security therefor" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn [*in forma pauperis*] status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be destitute to qualify for a waiver of costs and fees, but he must demonstrate that because of his poverty he cannot pay those costs and still provide himself with the necessities of life. *Adkins v. E.I DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted). If an individual is unable or unwilling to verify his or her poverty, district courts have the discretion to make a factual inquiry into a plaintiff's financial status and to deny a request to proceed *in forma pauperis*. *See, e.g.*, *Marin v. Hahn*, 271 Fed.Appx. 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed *in forma pauperis* because he "failed to verify his poverty adequately"). "Such affidavit must include a complete statement of the plaintiff's personal assets." *Harper v. San Diego City Admin. Bldg.*, No. 16-cv-00768 AJB (BLM), 2016 U.S. Dist. LEXIS 192145, at *1 (S.D. Cal. June 9, 2016). Misrepresentation of assets is sufficient grounds for denying an *in forma pauperis* application. *Cf. Kennedy v. Huibregtse*, 831 F.3d 441, 443-44 (7th Cir. 2016) (affirming dismissal with prejudice after litigant misrepresented assets on *in forma pauperis* application).

On his application, Plaintiff responds to question 1 by stating that he is not employed. However, Plaintiff does not complete the question by explaining the date of his last employment and the amount of the salary or wages per month which he received. In response to question 2, Plaintiff responds that he has received money from a source other than those listed in the last twelve months. However, Plaintiff does not describe the source of money or the amount received as required by that question.[1] Finally, Plaintiff leaves question 5 blank without explaining whether or not it applies to him.

Given these issues, the Court cannot determine whether Plaintiff qualifies for *in forma pauperis* status. The Court will give Plaintiff one opportunity to file a complete *in forma pauperis* application. The Court further orders that Plaintiff may not respond with a zero or "not

---

[1] The Court notes that Plaintiff does not completely answer question 3, which asks him if he has any money in an account. Plaintiff responds yes, and writes "prison account," but does not list the amount in the account. However, Plaintiff has attached a copy of his inmate account statement, so the Court is able to determine the answer to this question.

applicable" in response to any question without providing an explanation for each of the questions. Plaintiff also may not leave any questions blank.

The Court denies Plaintiff's *in forma pauperis* application without prejudice. The Court gives Plaintiff 30 days to file an updated application. Plaintiff must fully answer all applicable questions and check all applicable boxes. If Plaintiff files an updated application, he need not attach a new financial certificate or inmate account statement because the Court already has copies of these documents. Plaintiff may alternatively pay the filing fee in full. Since the Court denies Plaintiff's application, it does not screen the complaint at this time.

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 8) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff has until **December 8, 2025,** to file an updated application to proceed *in forma pauperis* as specified in this order or pay the filing fee. Failure to timely comply with this order may result in a recommendation to the district judge that this case be dismissed.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send Plaintiff a copy of this order and of the application to proceed *in forma pauperis* by an inmate.

DATED: November 7, 2025

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE