# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

Demetrick Lee Tellis,

Plaintiff,

v.

Las Vegas Metropolitan Police; et al.,

Defendants.

Case No. 2:25-cv-00823-APG-DJA

**Order**

Under 28 U.S.C. § 1915 incarcerated Plaintiff Demetrick Lee Tellis is proceeding in this action *pro se* and has requested authority to proceed *in forma pauperis*. (ECF No. 10). Plaintiff also submitted a complaint. (ECF No. 1-1). Because the Court finds that Plaintiff's application is complete, it grants the application to proceed *in forma pauperis*. However, because the Court finds that Plaintiff's claims are time barred as alleged, it dismisses the complaint with leave to amend.

**I.     *In forma pauperis* application.**

Plaintiff filed the affidavit required by § 1915(a). (ECF No. 10). Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted under 28 U.S.C. § 1915(a). The Court will now review Plaintiff's complaint.

**II.     Legal standard for screening.**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the

complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly*, 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Under 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law. *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002). Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under 28 U.S.C. § 1332(a), federal

district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states." Generally speaking, diversity jurisdiction exists only where there is "complete diversity" among the parties; each of the plaintiffs must be a citizen of a different state than each of the defendants. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

**III.    Screening the complaint.**

Plaintiff sues the Las Vegas Metropolitan Police Department ("LVMPD"), LVMPD Officer Beckley, Clark County, and the City of Las Vegas. Plaintiff alleges that his Fourth and Fourteenth Amendment rights were violated. The Court liberally construes Plaintiff's complaint as bringing the following claims: (1) unlawful arrest in violation of the Fourth Amendment; (2) unreasonable search in violation of the Fourth Amendment; and (3) violation of the Equal Protection Clause of the Fourteenth Amendment.[1]

Plaintiff claims that on January 25, 2019, Beckley was driving Northeast on Las Vegas Boulevard between Cheyenne and Walnut. Plaintiff asserts that he was legally crossing and was doing nothing wrong, illegal, or even suspicious. Nonetheless, Beckley radioed her Sergeant that she saw Plaintiff walking on the sidewalk and was going to try and stop him. Plaintiff asserts that this is clear from evidentiary hearing records from his underlying criminal trial. Beckley put on her lights and sirens and pulled Plaintiff over for no reason. Plaintiff asserts that he had committed no crime and so, Beckley was targeting him for his past criminal record and simply to retaliate against him and harass him. Plaintiff asserts that, during the course of Beckley's unauthorized stop, she found ammunition in his backpack. The evidence of that ammunition was suppressed in Plaintiff's criminal case and the charges against him subsequently dismissed.[2]

---

[1] The Fourteenth Amendment, in relevant part, provides that States may not "deny to any person within its jurisdiction the equal protection of the laws." *See* U.S. Const. Amend. 14. The Equal Protection Clause gives rise to a cause of action on behalf of a "class of one" where a plaintiff does not allege membership in a class or group, but alleges that he has been intentionally treated differently from others similarly situated and there is no rational basis for the difference in treatment. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

[2] Plaintiff lists his case number in his complaint, *United States of America v. Demetrick Lee Tellis, II*, No. 2:19-cr-00033-JCM-VCF. The Court can take judicial notice of this case, the fact

Plaintiff asserts that LVMPD is training its officers to conduct unlawful searches and seizures. Plaintiff asserts that the illegal search and seizure caused him emotional distress and mental health problems. Plaintiff alleges that Las Vegas and Clark County are culpable for allowing LVMPD to target civilians who are not committing any crimes by stopping those civilians, searching them, and sending them to jail or prison. Plaintiff asserts that LVMPD has a custom of pulling citizens over unlawfully and that the custom violates Plaintiff's constitutional rights.

### A.    Statute of limitations.

Plaintiff's claims, as alleged, are untimely and so, the Court dismisses them without prejudice and does not reach their merits. Plaintiff's claims arise under 42 U.S.C. § 1983. § 1983 contains no statute of limitations, so federal courts apply the forum state's statute of limitations for personal injury claims to determine whether a complaint is timely filed. *Johnson v. State of Cal.*, 207 F.3d 650, 653 (9th Cir. 2000). In Nevada, the statute of limitations for § 1983 actions is two years. *See* Nev. Rev. Stat. § 11.190(4)(e); *see Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir. 2989). However, federal law governs when a cause of action accrues and the statute of limitations begins to run in a § 1983 action. *See Elliot v. City of Union City*, 25 F.3d 800, 801-02 (9th Cir. 1994). Under federal law, the claim generally accrues when the plaintiff "knows or has reason to know of the injury which is the basis of the action," *Id.* at 802 (internal quotation marks and citation omitted), and "when the plaintiff has a complete and present cause of action" *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (cleaned up). The Supreme Court has also found that, where a § 1983 action accrues before the existence of a related criminal conviction that would bar the § 1983 claim under *Heck v. Humphrey*, 512 U.S. 477 (1994), subsequent criminal proceedings and the related *Heck* bar do not toll the statute of limitations. *See Wallace*, 549 U.S. at 392-97 (holding that "the statute of limitations upon a § 1983 claim seeking damages for a false arrest in

that the court granted Plaintiff's motion to suppress evidence of the ammunition, and that the court granted the United States' motion to dismiss the charges brought against Plaintiff as well. *Tellis*, No. 2:19-cr-00033-JCM-VCF, at ECF Nos. 57, 63; *see Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (explaining that the court may "take judicial notice of court filings and other matters of public record").

violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process").

Here, Plaintiff's claims, as alleged, are time barred.  Plaintiff's unlawful arrest and unreasonable search claims accrued when Beckley stopped, searched, and arrested him on January 25, 2019.  And his equal protection claim accrued at the latest on the day he learned in the course of his underlying criminal trial that Beckley had stopped him only because of his past criminal record.  The fact that Plaintiff's § 1983 claims may have been barred by *Heck* if he brought them during the course of his criminal trial does not serve to toll his unlawful arrest and unreasonable search claims.  While it is less clear if it would toll his equal protection claim, the Court need not reach that question because even if *Heck* did toll *all* of Plaintiff's claims, they would still be untimely.  The court handling Plaintiff's underlying criminal case granted the United States' motion to dismiss the indictment against Plaintiff on September 10, 2019, well over two years before Plaintiff brought his instant civil action on May 12, 2025.  The Court therefore dismisses Plaintiff's complaint without prejudice and with leave to amend to the extent Plaintiff can assert a basis for tolling.

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 10) is **granted.**  Plaintiff will not be required to pay an initial installment fee. Nevertheless, the full filing fee will still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act.  The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor.

**IT IS FURTHER ORDERED** that pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act, the Nevada Department of Corrections will forward payments from the account of **Demetrick Lee Tellis #1115357** to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action.  The Clerk of the Court will send a copy of this order to the Finance Division of the Clerk's Office.  The Clerk will send a

copy of this order to the attention of **Chief of Inmate Services for the Nevada Department of Corrections,** P.O. Box 7011, Carson City, NV 89702.

**IT IS FURTHER ORDERED** that, even if this action is dismissed, or is otherwise unsuccessful, the full filing fee will still be due, pursuant to 28 U.S.C. §1915, as amended by the Prison Litigation Reform Act.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to file Plaintiff's complaint (ECF No. 1-1) on the docket but shall not issue summons.

**IT IS FURTHER ORDERED** that the complaint (ECF No. 1-1) is **dismissed without prejudice** for failure to state a claim upon which relief can be granted, with leave to amend. Plaintiff will have until **June 8, 2026,** to file an amended complaint if the noted deficiencies can be corrected. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) to make the amended complaint complete. This is because, generally, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged. **Failure to comply with this order will result in the recommended dismissal of this case.**

DATED: May 8, 2026,

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE